Loring, J.,
delivered the opinion of the Court.
The case comes up on a demurrer to the petition, which states that the petitioners were incorporated on the 5th of January, 1838, by the legislature of the Territory of Wisconsin, under the'name and style of the Rock River Canal Company, with powers-to construct a canal from Milwaukee to Rock river; that, by the act of incorporation, they *188 were authorized to apply to Congress for a grant of land or money to aid in the construction of said canal; that, on their application, by act of 18th June, 1838, Congress granted to the Territory of Wisconsin certain lands, with this provision, that “ the land so granted to aid in the construction of said canal shall be subject to the disposal of the legislature of the Territory for the purpose aforesaid, and no other.”
And the petitioners aver that the proceeds of the sales of the lands granted by Congress, so far as sales have been made, were withheld from the petitioners by a misapplication of the funds on the part of said legislature; and in consequence of that the construction of said canal was abandoned, and the expenditures of the company upon it lost to its stockholders; and that afterwards the said legislature repealed the laws providing for the sale of said lands and the application of the proceeds thereof, as directed by the act of Congress, and therefrom applied the whole amount of the proceeds of said lands to the use of the Territory and its successor, the State of Wisconsin.
And the petitioners further aver that the act for the admission of the State of Wisconsin into the Union, approved August 6, 1846, (9 U. S. L., 58,) provides that “ five per centum of the net proceeds of the sale of public lands lying within said State which -have been or shall be sold by Congress from and after the admission of said State into the Union, after deducting all expenses incident to the same, shall be paid to the said State for the purpose of making public roads and canals in the same as the legislature shall direct.”
And that the constitutional convention of the State of Wisconsin, in resolutions appended to its constitution, requested Congress so to amend and alter its act granting lands in aid of the construction of the canal, that the same might be held and disposed of by the State of Wisconsin as part of the five hundred thousand acres of land to which the said State was entitled by act of Congress for purposes of internal improvements; and so to alter and amend the act of Congress granting the five per centum aforesaid as to authorize the State of Wisconsin to apply the same to the use of its public schools; and that said request was acceded to by Congress, and the said acts of Congress were amended and altered accordingly, and thereby the United States assented to and aided in the diversion from the petitioners, by the State of Wisconsin, of the proceeds of the lands granted as aforesaid to aid in the construction of said canal. And on these grounds the petitioners pray the aid of this court.
The petition in this ease purports to implead the State of Wisconsin *189 with the United States as defendants; and the United States demur to the jurisdiction, and object that this court cannot entertain such a suit; and they certainly cannot, either at law or in equity, and the petition must be dismissed under the 11th rule of this court..
Mr. J. J. Weed, Assistant Solicitor, for the government.
And if the suit was against the United States alone, it would not be maintainable here. Its charge against the United States is that they assented to and aided in the wrongful diversion of the proceeds of lands from the petitioners by the State of Wisconsin. This sounds in tort, and this court has no jurisdiction of torts by the United States.
And if the suit were maintainable- here, the petition is inapt and insufficient. The prayer of the petition is for such action by this court as will assure the payment by the State of Wisconsin of the proceeds of sales of lands granted to aid in the construction of the canal of the petitioners, and as shall justify Congress in withholding from the State of Wisconsin the payment of the five per centum appropriated to it by statute. In these matters this court can do nothing; and if it could, the petition furnishes no means of measuring the aid asked for. It does not specify the amount claimed from the State of Wisconsin or the United States, nor the lands diverted, nor the amount received from their sales.
The order of the court is that the petition be dismissed.